IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHERIE LEWIS,

        Plaintiff,                              No. CIV S-07-0961 DFL EFB PS

       vs.

JIM FRAZIER, et al.,

        Defendants.              <u>ORDER</u>

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      Plaintiff has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security therefor. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

      Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a pro so plaintiff must still satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).

Upon review of the complaint, the court has determined that it fails to comply with Rule 8. In addition to satisfying the requirements of Rule 8(a)(2), a complaint must include the grounds upon which the court's jurisdiction rests and a demand for relief. Fed. R. Civ. P. 8(a). The complaint fails to meet any of these requirements.

The complaint contains no allegation establishing the basis of the court's jurisdiction. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, the complaint contains no reference to a federal cause of action. It consists of a printout of a message sent via electronic mail by plaintiff to one of the named defendants concerning restoration of her sick leave and the alleged wrongful release of plaintiff's "privacy information." The complaint also consists of what appear to be documents from the Social Security Administration regarding plaintiff's receipt of Social Security benefits. Plaintiff also attaches a fifty-two page exhibit which includes, among other things, information relating to Department of Defense personnel policies. Based on a review of this information, and the civil cover sheet submitted by plaintiff, the jurisdictional basis of plaintiff's complaint is unclear.

While the civil cover sheet makes a vague reference to a violation of the "Privacy Act," plaintiff does not specify which statute she means to invoke by this citation, let alone whether it is state or federal in nature. Plaintiff's vague reference to the "Privacy Act" is insufficient to invoke this court's jurisdiction.

Assuming plaintiff means to state a claim pursuant to the federal Privacy Act, 5 U.S.C. §§ 552a, *et seq.*, she does not allege sufficient allegations to do so.

The Privacy Act generally prohibits a "federal agency's disclosure of information pertaining to an individual unless the individual has made a request or has given consent to disclosure in writing, or unless disclosure is provided for under the exceptions to the Privacy Act." *St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369, 1372-73 (9th Cir. 1981). "[T]he private right of civil action created by the Privacy Act . . . is specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local officials." *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999) (citations omitted);

3

*Brown-Bey v. United States*, 720 F.2d 467, 469 (7th Cir. 1983) (Privacy Act does not provide a private right of action against individuals); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (individual agency officers or employees are not proper parties to a Privacy Act action).

Here, plaintiff has named only individual defendants who appear to be associated in some way with the United States Air Force. She has not named the Air Force as a defendant, nor any other federal agency. Accordingly, to the extent plaintiff seeks to state a claim pursuant to the Privacy Act, 5 U.S.C. §§ 552a, *et seq.*, she fails to do so.

Plaintiff fails to allege any other factual allegations showing entitlement to relief, nor does she specify what relief she seeks. Accordingly, the complaint must be dismissed. Nonetheless, in light of this Circuit's liberal construal of pro se pleadings, the court will grant plaintiff leave to file an amended complaint. The court reminds plaintiff that her "obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and [that] a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

If plaintiff chooses to file an amended complaint, she is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

/////

/////

4

1       Accordingly, IT IS ORDERED that:

2       1. Plaintiff's request for leave to proceed *in forma pauperis* is granted;

3       2. Plaintiff's complaint is dismissed with leave to amend; and

4       3. Plaintiff is granted thirty days from the date of service of this order to file an amended
5  complaint. The amended complaint must bear the docket number assigned to this case and must
6  be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended
7  complaint. Failure to timely file an amended complaint in accordance with this order will result
8  in a recommendation this action be dismissed.

9  DATED: July 5, 2007.

```
                                    /s/ Edmund F. Brennan
                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE
```

5