IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHERIE LEWIS,

      Plaintiff,                       No. CIV S-07-0961 RRB EFB PS

     vs.

JIM FRAZIER, et al.,                FINDINGS AND RECOMMENDATIONS

      Defendants.

_____/

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On July 5, 2007, the court granted plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismissed her complaint with leave to amend.

       The court dismissed the complaint based on plaintiff's failure to comply with Fed. R. Civ. P. 8(a). In particular, no jurisdictional basis appeared on the face of the complaint and the court was unable to discern what, if any, claims plaintiff alleged. The court explained the deficiencies of the original complaint and cautioned plaintiff that her failure to file an amended complaint consistent with the court's July 5, 2007, order would result in a recommendation that the action be dismissed.

////

1

On August 6, 2007, plaintiff filed an amended complaint. The amended complaint fails to correct the deficiencies of the original complaint, and also fails to comply with Fed. R. Civ. P. 10, governing the form of pleadings. The amended complaint consists of a letter in which plaintiff recounts her dissatisfaction with various events at Travis Air Force Base, where she alleges she was formerly a civilian employee.

As in the original complaint, plaintiff fails to allege a basis for this court's jurisdiction. She again makes an unexplained reference to the "1974 Privacy Information Act," but does not state a claim thereunder. The Privacy Act of 1974, 5 U.S.C. §§ 552a, *et seq.*, generally prohibits a "federal agency's disclosure of information pertaining to an individual unless the individual has made a request or has given consent to disclosure in writing, or unless disclosure is provided for under the exceptions to the Privacy Act." *St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369, 1372-73 (9th Cir. 1981). "[T]he private right of civil action created by the Privacy Act . . . is specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local officials." *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999) (citations omitted); *Brown-Bey v. United States*, 720 F.2d 467, 469 (7th Cir. 1983) (Privacy Act does not provide a private right of action against individuals); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (individual agency officers or employees are not proper parties to a Privacy Act action).

Here, plaintiff has named only individual defendants who appear to be associated in some way with the United States Air Force. She has not named the Air Force as a defendant, nor any other federal agency. Accordingly, to the extent plaintiff seeks to state a claim pursuant to the Privacy Act, 5 U.S.C. §§ 552a, *et seq.*, she fails to do so.

Plaintiff fails to allege any other factual allegations showing entitlement to relief. The allegations in plaintiff's letter are rambling and confusing and do not comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires

1 a complaint to include a short and plain statement of the claim showing that the pleader is
2 entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds
3 upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007)
4 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). "[A] plaintiff's obligation to provide the
5 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a
6 formulaic recitation of a cause of action's elements will not do.  Factual allegations must be
7 enough to raise a right to relief above the speculative level on the assumption that all of the
8 complaint's allegations are true." *Id.* (citations omitted).  Plaintiff's amended complaint fails in
9 this respect.

      In accordance with the foregoing, IT IS RECOMMENDED that:

      1. This action be dismissed without further leave to amend; and,

      2. The Clerk be directed to close this case.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 2, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE